# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOSEPH A. STUREVANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00116-O-BP |
| | § | |
| PAT KUZMER, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Complaint filed against Pat Kuzmer by Joseph A. Sturevant. ECF No. 1. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on August 22, 2017. ECF No. 4. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Plaintiff's Complaint (ECF No. 1) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff has not taken any action in this case after filing his complaint. He has not paid a filing fee or filed a motion to proceed in forma pauperis. ECF Nos. 2, 5. Notice sent to his address was returned as undeliverable. ECF Nos. 6–7. On September 28, 2017, the Clerk of Court attempted to contact Plaintiff at Plaintiff's telephone number stated in the complaint and left a voice message that was not returned. The Clerk of Court also on that same day contacted the business located at the address that Plaintiff gave as his address of record in his complaint. This business was a mail forwarding company, and it had no record of Plaintiff as a customer for its

forwarding service. On October 6, 2017, the Clerk of Court again attempted to contact the Plaintiff at his given phone number but was notified that the line was disconnected.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Local Rule 83.13 requires Plaintiff to promptly notify the clerk and the presiding judge of any change in address or telephone number. Local Civil Rules of the Northern District of Texas 83.13. Plaintiff clearly has not done so, and as a result the Court has no way to contact Plaintiff to ensure he wishes to continue with his case. Nor has Plaintiff paid his filing fee or taken any other action in this case. For its part, the Court has attempted to contact Plaintiff numerous times in a variety of ways but was unsuccessful in every case. Under these circumstances, the undersigned

**RECOMMENDS** that Judge O'Connor **DISMISS** Plaintiff's Complaint (ECF No. 1) without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on October 12, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE